# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| WOODWORKERS WAREHOUSE, INC., | : | Bankruptcy Case No. 03-13655-JBR |
| | : | |
| Debtors. | : | |
| | : | |
| KELLY BEAUDIN STAPLETON, United States Trustee for Region 3,* | : : : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 04-124-JJF |
| | : | |
| WOODWORKERS WAREHOUSE, INC., | : | |
| | : | |
| Appellee. | : | |

Kelly Beaudin Stapleton, Esquire, Acting United States Trustee, Joseph J. McMahon, Jr., Esquire and Robert J. Schneider, Esquire of the UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF THE UNITED STATES TRUSTEE, Wilmington, Delaware.
Attorneys for Appellant.

Steven M. Yoder, Esquire and Christopher A. Ward, Esquire of THE BAYARD FIRM, Wilmington, Delaware.
Of Counsel: Lawrence C. Gottlieb, Esquire, Cathy Hershcopf, Esquire, Richard S. Kanowitz, Esquire and Brent Weisenberg, Esquire of KRONISH LIEB WEINER & HELLMAN LLP, New York, New York.
Attorneys for Appellee.

MEMORANDUM OPINION

March 30, 2005
Wilmington, Delaware

---

\* Pursuant to a Notice of Substitution of Appellant (D.I. 15), the Court has amended the case caption in this case to reflect that Kelly Beaudin Stapleton, United States Trustee for Region 3, has been substituted for Roberta A. DeAngelis, Acting United States Trustee for Region 3.

Farnan, District Judge.

Presently before the Court is an appeal by Kelly Beaudin Stapleton, United States Trustee for Region 3 (the "Trustee"), from the January 13, 2004 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") granting the Debtor's application to employ Kronish Lieb Weiner & Hellman LLP ("Kronish Lieb") as special counsel under 11 U.S.C. § 327(e) nunc pro tunc to the Petition Date. For the reasons discussed, the Court will affirm the January 13, 2004 Order of the Bankruptcy Court.

I.   THE PARTIES' CONTENTIONS

The Trustee contends that the Bankruptcy Court erred in appointing Kronish Lieb as special counsel to the Debtor. In support of its argument, the Trustee points out that the Bankruptcy Court denied the Debtor's application to employ Kronish Lieb as its general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), because Kronish Lieb had a disqualifying conflict of interest stemming from its representation of the official committee of unsecured creditors in a prior bankruptcy case. The Trustee contends that the Bankruptcy Court permitted the Debtor to circumvent this ruling by hiring Kronish Lieb as special counsel to perform functions which were central to the Debtor's bankruptcy case, including (1) obtaining court approval for the use of its cash collateral, (2) selling assets through a

1

"going out of business sale" and disposing of related executory contracts, and (3) preparing and negotiating the Debtor's key employee retention program and providing payment to critical personnel of the Debtor. The Trustee contends that the Bankruptcy Court's approval of Kronish Lieb as special counsel for these purposes conflicts with the express statutory language of Section 327(e), which requires special counsel to only be employed "for a specified special purpose, <u>other than to represent the trustee in conducting the case</u> . . ." 11 U.S.C. 327(e) (emphasis added).[1]

In response, the Debtor points out that while the Bankruptcy Court denied its application to appoint Kronish Lieb as general counsel, the Bankruptcy Court expressly stated that it would entertain an application to consider the appointment of Kronish Lieb for special services under Section 327(e). The Debtor points out that Kronish Lieb was actively working with the Debtor prior to the Petition Date in connection with implementing its liquidation strategy. Specifically, Kronish Lieb began, and after the Petition Date completed, a marketing process to sell the Debtor's assets. Kronish Lieb also completed negotiations

---

[1] Although Section 327(e) refers to the "trustee," the rights, powers and duties of a trustee, including the trustee's power to employ professionals under Section 327, are conferred upon the debtor-in-possession. Fed. R. Bankr. P 9001(10) ("Trustee includes a debtor-in-possession in a Chapter 11 case."); see <u>United States Trustee v. Price Waterhouse</u>, 19 F.3d 138, 141 (3d Cir. 1994).

2

with the Debtor's primary lenders to enable the Debtor to use its cash collateral and discussed and negotiated with the Debtor's Board of Directors the terms of a key employee retention program. Because of its familiarity with these matters and its understanding of the Debtor's corporate structure, the Debtor contends that Kronish Lieb was uniquely qualified to represent it in these specific matters as special counsel. The Debtor further contends that the services that Kronish Lieb was appointed to perform are not part of the trustee's general duty of "conducting the case," and it is both appropriate and common in this District to appoint special counsel for these types of services. The Debtor contends that Kronish Lieb's involvement in securing the cash collateral order and finalizing the key employee retention program were ministerial in nature as evidenced by the fact that Kronish Lieb spent less than 40 hours on these tasks during the first three months of the case, with the bulk of that time being performed in the first month. According to the Debtor, these calculations also demonstrate that much of the "ground work" related to these tasks was completed by the Debtor with the assistance of Kronish Lieb before the Petition Date. As for Kronish Lieb's services with respect to the sale of assets, the Debtor acknowledges that Kronish Lieb spent 332.1 hours during the first three months of the case in this area, but contends that the retaining of special counsel to assist a debtor in the

sale of assets is a practice which is universally accepted in this District.

## II. Standard of Review

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the United States Court of Appeals for the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

## III. DISCUSSION

Section 327(e) of the Bankruptcy Code provides:

4

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Under this section, special counsel may be appointed if: (1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. Id.; Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996); see also In re Gelsinger, 2000 WL 136812, *2 (E.D. Pa. 2000); In re DeVlieg, Inc., 174 B.R. 497, 502-504 (N.D. Ill. 1994). When analyzing the retention of special counsel under this section, the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel. See In the Matter of First American Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996).

The question presented in this case is whether the services Kronish Lieb was appointed to perform constitute representing the trustee or here, the debtor-in-possession, in "conducting the case." There is no binding precedent interpreting the meaning of this phrase; however, as the Debtor points out, the Bankruptcy Court in this District has frequently authorized the retention of special counsel under Section 327(e) to handle matters substantially similar to the matters which Kronish Lieb was authorized to perform, including assisting debtors with asset sales. See e.g. In re TalkPoint Communications, Inc., Case No. 04-10207 (CGC), Docket No. 78 (Bankr. D. Del. Feb. 19, 2004) (authorizing special counsel to, inter alia, negotiate and review asset purchase agreement, and act as escrow agent in relation to the asset purchase agreement); In re SFMB Acquisition Corp., Case No. 03-11524 (PJW), Docket No. 129 (Bankr. D. Del. June 11, 2003) (authorizing special counsel to perform all necessary services in connection with any ongoing-concern sale of all or substantially all of debtors' assets); In re Troll Communications LLC, Case Nos. 03-11508 through 03-11516 (KJC), Docket No. 195 (Bankr. D. Del. Jul. 10, 2003) (authorizing special counsel to assist debtors in any effort to sell assets); In re SHC, Inc., Case No. 03-12002, Docket No. 147 (MFW) (Bankr. D. Del. Aug. 5, 2003) (same); In re Integrated Telecom Express, Inc., Case No. 02-12945 (PJW), Docket No. 124 (Bankr. D. Del. Dec. 6, 2002) (same).

The Trustee cites to several cases outside this District for the proposition that these courts have concluded that tasks similar to those authorized to be performed by Kronish Lieb amount to "conducting the case;" however, those cases are also not binding on this Court. Further, the Court finds the circumstances of several of those cases to be distinguishable from the circumstances here. For example, in In re Interstate Distribution Center Associates, 137 B.R. 826 (Bankr. D. Colo. 1992), the court denied special counsel's application to provide the debtor services which included drafting the chapter 11 plan and disclosure statement, and in In re Michigan Interstate Railway Co., Inc., 32 B.R. 327, the court refused to appoint as special counsel a firm which called itself the debtor's "reorganization counsel" and which the trustee relied upon for basic legal services. Similarly, in In re Hempstead Realty Associates, 34 B.R. 624 (Bankr. S.D.N.Y. 1983), the court denied the debtor's application to retain special counsel to give the debtor broad legal services including basic legal advice with respect to its powers and duties as a debtor-in-possession, the preparation of applications, answers, orders, reports, etc., and assistance in preparing a plan of arrangement.

Unlike the circumstances in these cases, the Debtor in this case retained general bankruptcy counsel to conduct the basics of its case including advising the Debtor with respect to its duties

7

and powers; formulating, negotiating, finalizing and seeking confirmation of a plan of reorganization; reviewing and objecting to claims; and if appropriate, pursing recovery of preferences and fraudulent conveyances, and providing for asset distribution to creditors. These functions do not substantially overlap with the clearly delineated tasks assigned to Kronish Lieb, and thus, the appointment of Kronish Lieb is consistent with the purpose behind Section 327(e) which is to avoid the "'unnecessary duplication of services at the expense of the estate.'" See DeVlieg, 174 B.R. at 503 (citing In re NRG Resources, 64 B.R. 643, 647 (W.D. La. 1986). Indeed, the wide range of services left to be performed by general bankruptcy counsel demonstrates that general bankruptcy counsel had a prominent role to take in the Debtor's bankruptcy. See In re Argus Group 1700, Inc., 199 B.R. 525 (Bankr. E.D. Pa. 1996) (declining to appoint special counsel to pursue specific litigation which was sine qua non of the bankruptcy case and which would leave very limited role for general bankruptcy counsel). Further, unlike the broad and limitless retention which other courts have refused to authorize, see e.g. First American, 1996 WL 33404562 at * 5, Hempstead, 34 B.R. at 625, the Section 327(e) Order entered by the Bankruptcy Court specifically and narrowly defines the three tasks which Kronish Lieb is authorized to perform.

    The Court's conclusion that the nature of the services to be

8

performed by Kronish Lieb does not qualitatively amount to conducting the Debtor's bankruptcy case is also supported by the quantitative aspect of the services provided. The Trustee does not take issue with the Debtor's representations concerning the amount of time spent by Kronish Lieb on the tasks it was assigned to perform. In the Court's view, the amount of time Kronish Lieb spent in securing the Debtor's use of its cash collateral and finalizing its key employee retention program further demonstrates that Kronish Lieb's role was limited to merely completing the work which it had substantially performed prior to the Petition Date. While Kronish Lieb spent considerably more time on the sale of the Debtor's assets, the Trustee also does not take issue with Defendants' representation that Kronish Lieb did substantial work prior to the Petition Date in this regard. Given the wide range of services left to general bankruptcy counsel and the qualitatively and quantitatively narrow range of services provided by Kronish Lieb, the Court cannot conclude that the tasks specified for Kronish Lieb to perform constitute conducting the bankruptcy case. Accordingly, the Court will affirm the January 13, 2004 Order of the Bankruptcy Court appointing Kronish Lieb as special counsel to perform the services delineated therein.

**IV.  CONCLUSION**

For the reasons discussed, the Bankruptcy Court's January

9

13, 2004 Order appointing Kronish Lieb as special counsel to perform the services delineated therein will be affirmed.

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : Chapter 11 |
| WOODWORKERS WAREHOUSE, INC., | : Bankruptcy Case No. 03-13655-JBR |
| Debtors. | : |
| KELLY BEAUDIN STAPLETON, United States Trustee for Region 3, | : |
| Appellant, | : |
| v. | : Civil Action No. 04-124-JJF |
| WOODWORKERS WAREHOUSE, INC., | : |
| Appellee. | : |

### O R D E R

At Wilmington, this 30 day of March 2005, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the January 13, 2004 Order of the United States Bankruptcy Court for the District of Delaware appointing Kronish Lieb Weiner & Hellman LLP as special counsel to the Debtor to perform the services delineated therein is AFFIRMED.

UNITED STATES DISTRICT JUDGE